SHELKETT *v.* LOWRY, sheriff, *et al.*

No. 8756.   August 15, 1932.

*E. L. Fowler* and *A. L. Henson,* for plaintiff.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendants.

BECK, P. J.   Plaintiff in error was indicted in Fulton superior court, in three separate cases, for the offense of burglary.  He pleaded guilty in each case, and was sentenced, under the indeterminate-sentence act of 1919 (Ga. L. 1919, p. 387), to serve from one to four years in each case, the sentences to run consecutively. He was assigned to labor on the chain-gang in Banks County, where he served the full minimum terms of the sentences.  After his minimum term had expired and after he had addressed a communication to the Prison Commission of Georgia, insisting that his term had expired, these letters not having been answered, he escaped from the chain-gang, and was arrested in Fulton County, and was incarcerated by the respondent, James I. Lowry, sheriff. He brought his petition for habeas corpus, which on the hearing was denied, and he excepted.

Section 1081(e) of Park's (Penal) Code Supp. reads as follows: "The jury in their verdict, on the trial of all cases of felony not punishable by life imprisonment, shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided, that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit. The prison commission shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules."   The applicant for the writ of habeas corpus introduced, as a part of the evidence, the parole rules under the indeterminate-sentence law, which were in part as follows:  "Upon receipt of the convict he shall be placed in one of three grades. Grade 'A' shall include those who have not previously been convicted of crime, and where no facts are certified by the court showing special viciousness of character.  Grade 'B' shall include those who are recidivists, but who were not convicted of a crime of the same character; and those who have escaped from any place of confinement after conviction and have been recaptured; and who while serving in grade 'A' having violated any of the criminal statutes of Georgia.  Grade 'C' shall include (a) recidivists who have been convicted of crimes of the same character or gravity; (b) those who

after having been paroled shall violate the laws of Georgia or the Rules of the Commission and be returned to service therefor; (c) those who at the time of commencing service are under sentence in two or more felony cases. A grade 'C' prisoner serving under two or more indeterminate felony sentences shall in no case be eligible for parole until he has completed the first sentence and the minimum terms of the other sentences, whether being served concurrently or not. . . All grade 'A' convicts who maintain their grade during the period of the minimum term of their sentence will be eligible for parole."

There was evidence showing that the applicant was a grade 'A' convict. He testified as to having written to the Prison Commission the letters referred to. He also testified that "twelve days after my three years was up I left the chain-gang because I knew I was entitled to get out. I would not have escaped if my time hadn't of been put in, all of the three years, and I didn't leave until twelve days after I had worked out all of the three sentences."

Without discussing the essential question as to whether or not the applicant was entitled to be admitted to parole on a completion of the minimum time fixed in his sentence if he complied with the rules of the commission, it is manifest that he was not entitled to be released from custody upon his application for habeas corpus. If the Prison Commission failed to admit the applicant to parole, legal steps might have been taken to compel the admission thereto, if in accordance with the law and the rules of the commission fixed under the terms of the law. But the applicant was a prisoner until regularly discharged or admitted to parole; and when he escaped or "walked off," as he says, he committed another crime against the law, for which he was subject to further punishment. It may be true that he is not being held for this last offense, but he was a prisoner when he escaped, and as an escaped prisoner he should be returned to the chain-gang until discharged or admitted to parole according to the law. The court did not err in refusing to discharge the prisoner.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J. I agree that the decision in this case is in conformity to the law as it is written; but it seems to me that the legislature should take some action to amend the law, so that it will not be possible, by the negligence of officers of the State, to

retain any person who has completed his sentence, and yet who is detained in captivity because he is powerless to be relieved at the expiration of his term of sentence, because of the acts of others over whom he has no control.